**SMITH'S TRANSFER CORPORATION OF STAUNTON, VIRGINIA, Plaintiff,**

v.

**LOCAL UNION NO. 107, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN & HELPERS OF AMERICA, Defendant.**

**Civ. A. No. 37334.**

United States District Court
E. D. Pennsylvania.

May 18, 1965.

John J. M'Aleese, Jr., Philadelphia, Pa., Morgan, Lewis & Bockius, Philadelphia, Pa., of counsel, for plaintiff.

Wilderman, Markowitz & Kirschner, Richard H. Markowitz, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

Smith's Transfer Corporation (Smith) filed the within complaint against Local Union No. 107, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America (Local 107), seeking, inter alia, a declaratory judgment upon the legal effect of an alleged agreement between Smith and Local 107, assertedly made in June 1963.

The matter immediately before us is Smith's application for a temporary injunction to restrain Local 107 from processing any dispute or grievance with respect to said alleged agreement before any joint panel or other arbitration agency until further order of the Court.

After review and due consideration of the evidence, the requests for findings and conclusions of law, in the light of applicable principles of law, we make the following:

## FINDINGS OF FACT

1. Smith is a Virginia corporation engaged in business as a common carrier of motor freight, and having a place of business at 3665 Richmond Street, Philadelphia.

2. Local 107 is a labor union representing employees for purposes of collective bargaining, and having its principal place of business at 105 Spring Garden Street, Philadelphia.

3. In January 1963, the Voice of Teamsters Democratic Organizing Committee was certified by the National Labor Relations Board as the collective bargaining representative of Smith's employees at its Philadelphia terminal.

4. In September 1963, Smith signed a collective bargaining agreement with Local 107, which was to be effective in all respects as of July 1, 1963 (Plaintiff's Ex. 1).

5. In July 1963, Smith began what is known as a "Special Commodities Operation," under which it sought to have road drivers from Virginia and other points pick up and deliver certain commodities in the area within a radius of 40 miles of City Hall, Philadelphia.

6. On or about September 1, 1964, Smith and Local 107 entered into a new collective bargaining agreement, effective on that date (Plaintiff's Ex. 3).

7. Since July 1963, Smith has continuously had road drivers make deliveries and pick-ups of commodities in the area within a radius of 40 miles of City Hall, Philadelphia.

8. Smith claims it has the right to make such deliveries and pick-ups under the alleged agreement of June 1963, between Smith and Local 107.

9. Since September 1, 1964, Local 107 has filed with Smith numerous grievances complaining of violations by Smith of the currently effective collective bargaining agreement in having Smith's road drivers make pick-ups and deliveries of the special commodities aforesaid in the area local to Philadelphia, the effect of which has been to deprive employees represented by Local 107 of employment opportunities available to them under the collective bargaining agreement.

10. Smith has refused to process these grievances under the grievance procedure set forth in Article 43 of the collective bargaining agreement (Plaintiff's Ex. 3, pages 64–73).

11. By the filing of grievances Local 107 has made a claim against Smith of a violation of Article 38, Sections 1 and 3, Article 50, and other provisions of the current collective bargaining agreement between Smith and Local 107 (Plaintiff's Ex. 3, pages 53, 54, 80–86).

12. The collective bargaining agreement between Smith and Local 107 contains a grievance procedure for the resolution of disputes and grievances, which provides that all questions of interpretation shall be submitted to the Joint Area Committee (Plaintiff's Ex. 3, Article 43, pages 64–73; see Article 43, Section 4 (f), page 67).

13. Local 107's grievances arise under the collective bargaining agreement between it and Smith, and constitute claims by Local 107 against Smith for alleged violations of that agreement.

## DISCUSSION

Arbitration is generally a creature of contract, and a Court must always inquire whether the parties have agreed to arbitrate the particular dispute. In this sense, the question whether a dispute is "arbitrable" is inescapably for the Court. United Steelworkers

of America v. American Mfg. Co., 363 U.S. 564, 570, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960).

Since Article 43, Section 4(f), of the present contract provides that "all matters pertaining to the interpretation of any provision of this agreement shall be referred by either party to the Joint Area Committee for settlement," our function is narrowly confined. As stated in American Mfg. Co., supra, 363 U.S. at pages 567, 568, 80 S.Ct. at pages 1346, 1347:

> "The function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator. It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator. In these circumstances the moving party should not be deprived of the arbitrator's judgment, when it was his judgment and all that it connotes that was bargained for.

> "The courts, therefore, have no business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim. The agreement is to submit all grievances to arbitration, not merely those which the court will deem meritorious. The processing of even frivolous claims may have therapeutic values of which those who are not a part of the plant environment may be quite unaware."

It is clear that each such grievance filed by Local 107 constitutes a claim which on its face is governed by the contract provisions noted in our findings of fact. It follows, therefore, that these grievances are subject to the grievance procedure provided in Article 43 of the collective bargaining agreement (Plaintiff's Ex. 3, pages 64–73). Smith's motion for a temporary injunction will therefore be denied.

## CONCLUSIONS OF LAW

1. Smith is an employer engaged in an industry affecting commerce within the meaning of the Labor Management Relations Act of 1947.

2. Local 107 is a labor organization representing employees of employers engaged in industries affecting commerce.

3. The Court has jurisdiction of this action under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185.

4. Local 107 is entitled to pursue its grievances through the contract's grievance procedure.

5. Smith's application for a temporary injunction should be denied.